UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD, | CASE NO. 1:11-cv-01130-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| ELLEN GREENMAN, M.D., et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Michael Whitfield, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic
3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
6  conclusions are not.  Iqbal, 129 S.Ct. at 1949.

7  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
8  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
9  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct.
10 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
11 of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,
12 572 F.3d at 969.

13 **II.     Plaintiff's Eighth Amendment Medical Care Claim**

14      **A.     Allegations**

15 Plaintiff brings this action against Chief Medical Officer Ellen Greenman, Health Care
16 Services Chief Executive Officer Donald B. McElroy, and Chief Physician and Surgeon M. Boparaio
17 for acting with deliberate indifference to his medical needs, in violation of the Eighth Amendment.

18 Following his transfer to Avenal State Prison, Plaintiff was screened in Receiving and
19 Release on November 2, 2009, by Ms. Salcedo, a registered nurse.  Plaintiff informed Ms. Salcedo
20 that he was in pain due to complications from hernia surgery.  Ms. Salcedo documented the
21 information and completed a form requesting that Plaintiff be seen by a doctor within fourteen days.

22 Plaintiff was not seen by a doctor and on November 14, 2009, he requested medical attention
23 via the submission of a health care services request form.  Plaintiff submitted subsequent requests
24 on December 28, 2009, January 30, 2010, and February 2, 2010.  Plaintiff was finally seen by a
25 doctor on February 17, 2010, at which time he complained about severe pain and difficulty walking
26 and climbing, and he requested a lower bed chrono.

27 Plaintiff alleges that Defendants Greenman, McElroy, and Boparai are liable for the violation
28 of his rights arising from the failure to provide him with any medical care between November 17,

2009 and February 16, 2010, because they knew or should have known of the need due to his submission of the request forms.

### B.   Discussion

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. 1937 at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's allegations regarding severe, untreated pain are sufficient to support the existence of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  However, Plaintiff has not linked the named

defendants to the knowing disregard of that severe pain. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Although Plaintiff cites to his health care request forms, there is no suggestion that Defendants Greenman, McElroy, and Boparai were personally in receipt of those forms and ignored Plaintiff's complaints. They are named as parties not because they were personally involved in Plaintiff's medical care but because they hold positions of authority within the California Department of Corrections and Rehabilitation and that is an impermissible basis for liability under section 1983. Accordingly, Plaintiff fails to state a claim.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.[1] The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

---

[1] Plaintiff alleges that he filed a claim with the California Victim Compensation and Government Claims Board. To the extent that Plaintiff is attempting to plead a negligence claim under state law, Plaintiff's allegations are not sufficient to link the named defendants to the claim, which requires a showing on the following elements: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales, 567 F.3d at 572 (citing McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)). Assuming the deficiencies are capable of being cured through amendment, Plaintiff is informed that the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim upon which supplemental jurisdiction may be based. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

"complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed July 8, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   September 29, 2011**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE