# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELLEN GREENMAN, M.D., et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01130-SKO PC<br><br>SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 14)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Second Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Michael Whitfield, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 8, 2011. On September 30, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. Plaintiff filed an amended complaint on October 19, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff was incarcerated when he filed suit.

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Discussion**

   **A.     Allegations**

Plaintiff brings this suit against Defendants G. Salcedo, a registered nurse, and John Does 1 through 4 for violating his rights under the Eighth Amendment of the United States Constitution while he was incarcerated at Avenal State Prison (ASP). Plaintiff's claim arises from the approximately three-month period in which he received no medical attention at ASP. At the time, Plaintiff was recovering from hernia surgery, which was performed prior to his transfer to ASP.

In his original complaint, Plaintiff alleged as follows:

> Following his transfer to Avenal State Prison, Plaintiff was screened in Receiving and Release on November 2, 2009, by Ms. Salcedo, a registered nurse. Plaintiff informed Ms. Salcedo that he was in pain due to complications from hernia surgery. Ms. Salcedo documented the information and completed a form requesting that Plaintiff be seen by a doctor within fourteen days.
>
> Plaintiff was not seen and on November 14, 2009, he requested medical attention via the submission of a health care services request form. Plaintiff submitted subsequent requests on December 28, 2009, January 30, 2010, and February 2, 2010. Plaintiff was finally seen by a doctor on February 17, 2010, at which time he complained about severe pain and difficulty walking and climbing, and he requested a lower bed

chrono.

> Plaintiff alleges that Defendants Greenman, McElroy, and Boparai are liable for the violation of his rights arising from the failure to provide him with any medical care between November 17, 2009, and February 16, 2010, because they knew or should have known of the need due to his submission of the request forms.

(Doc. 1, Comp.)

The Court dismissed Plaintiff's complaint, with leave to amend, stating, "Although Plaintiff cites to his health care request forms, there is no suggestion that Defendants Greenman, McElroy, and Boparai were personally in receipt of those forms and ignored Plaintiff's complaints. They are named as parties not because they were personally involved in Plaintiff's medical care but because they hold positions of authority within the California Department of Corrections and Rehabilitation, and that is an impermissible basis for liability under section 1983." (Doc. 13, Screening Order.)

In his amended complaint, Plaintiff alleges that after Defendant Salcedo prepared the follow-up notification form which stated he would be seen within fourteen days, she did not distribute it to the appropriate medical staff at Avenal State Prison, which would have enabled Plaintiff to be examined by a clinic physician, and as a result, Defendant Salcedo infringed upon Plaintiff's rights.[2] (Doc. 14, Amend. Comp., p. 4.) Plaintiff then alleges that if in fact Defendant John Doe 1 was in receipt of the follow-up notification form prepared by Defendant Salcedo, he knew Plaintiff was in pain and he failed to distribute the follow-up notification to the appropriate medical staff. Plaintiff alleges that Defendant John Does 2, 3, and 4 were in receipt of the health care services forms he submitted, but he was not seen by a doctor between November 18, 2009, and February 16, 2010, in violation of his rights.

**B.      Eighth Amendment Medical Care Claim**

**1.      Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner

---

[2] Salcedo was not named as a defendant in the original complaint.

3

of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

### 2. Discussion

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In this instance, Plaintiff went without medical care for approximately three months, during which time he was in pain and in need of some form of medical attention, but his amended complaint is devoid of factual support for his claim that specific staff members acted with deliberate indifference, a deficiency which also plagued his original complaint. It is unknown to Plaintiff why he was not initially seen within fourteen days as he should have been or why his subsequent requests for medical care went unanswered. While Plaintiff surmises that Defendant Salcedo failed to properly forward the form, there is no underlying support for this speculative allegation. Similarly, there is no support for the allegation if Salcedo properly forwarded the form, then Defendant Doe 1 failed to properly forward it. Finally, there is no support for the claim that, assuming one or more

1  of the defendants failed to do something they should have done, they did so with the requisite
2  subjective intent: deliberate indifference.
3      The Court is mindful that prisoners proceeding pro se in civil rights actions are entitled to
4  have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v.
5  Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). However, the standard is not so lenient
6  as to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."
7  Iqbal, 556 U.S. at 678-79. The sheer possibility that a defendant has acted unlawfully does not
8  suffice. Id. at 678 (quotation marks omitted). In this instance, the amended complaint does not set
9  forth factual allegations sufficient to support a claim that prison officials *knowingly* disregarded an
10 excessive risk of harm to Plaintiff's health, and therefore, Plaintiff's Eighth Amendment claim is not
11 viable.

12 **III.    Order**

13     Plaintiff's amended complaint fails to state a claim under section 1983 for violation of the
14 Eighth Amendment. Given the deficiencies at issue, further leave to amend is not warranted. Lopez
15 v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.
16 1987).

17     Accordingly, it is HEREBY ORDERED that:
18     1.  This action is dismissed, with prejudice, for failure to state a claim under section
19         1983; and
20     2.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. §
21         1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

25 IT IS SO ORDERED.

26 **Dated:   August 10, 2012**             /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

5